## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**FRED R. MEDINA,**

      Appellant/Plaintiff,

vs.                                  Civ. No.  98-469 JC/LCS

**INTEL CORPORATION,**

      Appellee/Defendant.

### **MAGISTRATE JUDGE'S  RECOMMENDED DISPOSITION**

This matter comes on Plaintiff / Appellant Fred R. Medina ("Medina's") Motion for Leave to Amend Complaint, filed on July 27, 1998.  The Court, having considered the pleadings and the applicable law, recommends that the Motion be denied.

Medina originally filed his Complaint in State Court on March 25, 1998.  On April 21, 1998 the Defendant/ Appellee  Intel Corporation ("Intel") removed the case to federal court, and on April 28, Intel filed its Answer to the Complaint.  Medina states in his Motion that he seeks leave to amend in order to clarify his federal claims and distinguish his state claims.  He also seeks to add a claim based upon the New Mexico Human Rights Act and a claim for national origin discrimination under 42 U.S.C. Sec. 1981.

Under Fed. R. Civ. P. 15 (a), a party may amend its Complaint as a matter of course before a responsive pleading is filed.  If a responsive pleading has been filed, a party may amend only with leave of court, and leave shall be freely given when justice so requires.  The issue in this Motion is whether justice requires that Medina  be permitted to amend his Complaint.

1

Medina contends that he has a right to amend his complaint in order to make it conform to the requirements and the specifications of Federal Court. Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Leave to Amend Complaint, p.1. However, he never explains how his present Complaint fails to conform to federal requirements and specifications, or why justice requires that it so conform. He next contends that because Intel removed the case to federal court, he has a right to modify his Complaint, *id*. at 2, but the text of Fed. R. Civ. P. 15 (a) does not support his argument; it states that a party has a right to amend his pleadings only up until the time a responsive pleading is filed. Plaintiff finally claims that it is irrelevant that he did not originally set out his claim under the Human Rights Act, because he should still be allowed to amend his complaint to raise his claim. *Id.* As a legal proposition, this final argument is correct; justice would require that such additional claims be allowed, as long as Defendant is not prejudiced by the court's allowing the amendment. *See Triplett v. LeFlore County*, 712 F.2d 444, 447 (10th Cir. 1983).

Intel contends that Plaintiff's factual premise is incorrect, that his original complaint, fairly read, already states a claim under the New Mexico Human Rights Act, and accordingly, that there is no reason for the Complaint be amended to add the claim. Since the policy underlying Rule 15 is to allow amendments so that claims can be decided on their merits, *Phaneuf v. Tenneco, Inc.,* 938 F.Supp. 112 (N.D.N.Y. 1996), I interpret Rule 15's phrase "if justice so requires" to mean " if it is necessary in order that the claim can be decided on the merits." Based upon Intel's stipulation that the original Complaint adequately states a claim under the New Mexico Human Rights Act, so that the claim will be decided on the merits, the Court agrees that justice does not require that Medina be granted leave to amend his Complaint. However, if in the future Intel attempts to raise a Fed.R.Civ.P.12(b)(6) defense to this claim, this Court will not hesitate to recommend that Medina

2

be granted leave to amend at that time.

Intel next contends that Plaintiff's requested amendment to plead a claim for national origin discrimination under 42 U.S.C. Sec. 1981 should be denied because such amendment would be futile. As Section 1981 does not provide a remedy for national origin discrimination, *Aramburu v. Boeing Co.,* 112 F.3d 1398, 1411 fn.10 (10th Cir. 1997), *citing Saint Francis College v. Al-Khazraji,* 481 U.S. 604 (1987), the allegations do not state a claim for which relief can be granted. Accordingly, Medina should not be allowed to amend his Complaint in order to raise this claim. *Brooks v. Bank of Boulder*, 911 F.Supp. 470 (D.Colo. 1996).

Having determined that justice does not require that Plaintiff be allowed to amend his complaint to state a claim under the New Mexico Human Rights Act, and that it would be futile to allow plaintiff to amend his Complaint in order to raise a claim for national origin discrimination under 42 U.S.C. Sec. 1981, I recommend that his Motion for Leave to Amend his Complaint be DENIED.

Within ten days after receiving a copy of this recommended disposition a party may, pursuant to 28 U.S.C. Sec. 636(b)(1), file written objections thereto. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE