IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRED R. MEDINA,

    Appellant/Plaintiff,

vs.                                                Civ. No. 98-469 JC/LCS

**INTEL CORPORATION,**

    Appellee/Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes on Defendants Motion for Sanctions, filed on October 6, 1998. The Court, having considered the pleadings and the applicable law, proposes finding that the Motion is well-taken in part and recommends that it be granted in part.

### **Proposed Findings**

1. Plaintiff Fred Medina was terminated from employment with Defendant Intel Corp. for allegedly falsifying his time card to say that he left work at 2:30 a.m. on July 13, 1995, when he actually left at 1:30 a.m.

2. Plaintiff submitted part of a journal he kept to the New Mexico Human Rights division during administrative proceedings that arose as a result of his termination. The journal contained an entry that he left work between 1:30 a.m. and 1:40 a.m. on July 13, 1995.

3. During the federal litigation, Defendants requested that Medina produce "all writings, notes, diaries, tape recordings, etc. which were kept by him concerning allegations described in the complaint.

4. On August 24, 1998, Medina responded to this request by stating that he could not recall having any of this information, but would supplement his response if he had any of the information.

5. On September 3, 1998, during his deposition, Medina stated that he had provided a journal to the Human Rights Division. During later questioning he was unsure whether the document from which opposing counsel was reading was that journal.

6. Under Fed. R. Civ. P. 26 (e)(2), Medina had a duty seasonably to amend his prior response to Intel's request for production. During the first week of October, Medina supplemented his discovery requests by providing Intel with three computer disks which contained, *inter alia,* a journal. The journal was identical in all respects to the journal in the Human Resources Division file, except that it contained an entry that Medina left his work after 2:10 a.m. on July 13, 1995, instead of between 1:30 to 1:40 a.m.

7. In his response brief, and in his deposition, Medina claimed that he had written several different journals around the time of his termination. However, Medina has not explained what happened to the other journals, or why the only journal he produced is one which is identical to the journal provided to the Human Resources Division except for the entry regarding the time he left work.

8. Under Fed. R. Civ. P. 37(a)(3), an evasive or incomplete answer is to be treated as a failure to answer. Because Medina's other journal was not produced until after his deposition, despite his testifying at his deposition that he had kept several journals and had provided one to the Human Resources Division, and because the journal finally provided to opposing counsel was identical to the journal provided to the Human Resources Division except for a different entry on the key material issue in the case, and because Medina has not offered any explanation why he no longer has either the original journal he provided to the Human Resources Division or any of the several other journals

he allegedly kept, I propose finding his supplemental response to be evasive or incomplete, to be treated as a failure to answer under the rule.

9. Under Fed.R.Civ.P. 37 (d)(2), If a party fails to serve answers or objections to interrogatories, the court in which the action is pending on motion may make such orders in regard to the failure as are just, including, *inter alia,* the sanctions listed in paragraphs (A), (B), and (C) of subdivision (b)(2) of the rule.

10. While Intel has requested that the action be dismissed as provided in paragraph (C), I propose finding this to be too severe a sanction based on the facts of this case. There is, for example, no evidence that Medina's counsel has been in any respect less than cooperative or forthright in dealing with Intel's discovery requests. However, I propose finding that Medina's apparent destruction of documents and possible alteration of documents warrants severe sanctions. *See, e.g., Shaffer v. RWP Group, Inc.,* 169 F.R.D. 19 (E.D.N.Y. 1996).

**Recommended Disposition**

Paragraph (A) provides that a court may enter an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for purposes of the action in accordance with the claim of the party obtaining the order. I recommend that Defendant's Motion for Sanctions be denied as to his request for dismissal, but recommend that Plaintiff's having left his work between 1:30 - 1:40 p.m. on July 13, 1995 be taken to be established for purposes of this case.

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. Sec. 636(b)(1)(C), file written objections to them. A party must file any objections within the ten day period allowed if that party desires appellate review of the proposed findings and recommended disposition; if no objections are filed, no review will be undertaken.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE