# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FRED R. MEDINA,

    Appellant/Plaintiff,

  vs().                                                                                                                            No. CIV 98-0469 JC/LCS

INTEL CORPORATION,

    Appellee/Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on the Magistrate Judge's October 30, 1998 Proposed Findings and Recommended Disposition ("PFD") regarding Defendant's October 6, 1998 Motion for Sanctions. The Magistrate Judge recommended denying the motion as far as its request that the case be dismissed, but recommended as a lesser sanction that a fact in dispute--whether the Plaintiff left work between 1:30 and 1:40 a.m. or at 2:30 a.m. on July 13, 1995--be deemed established in Defendant's favor for purposes of the litigation. Plaintiff filed objections to the Magistrate Judge's PFD, as allowed under 28 U.S.C. § 636 (b)(1). The Court, having conducted a *de novo* review of the record,[1] agrees that the Magistrate Judge's sanction is appropriate. An Order adopting the PFD will accordingly be entered.

---

[1] The District Court normally reviews a Magistrate Judge's determination of a non-dispositive issue under a "clear error" standard, rather than de novo. See 28 U.S.C. § 636 (b)(1). However, because the issue in this case could as a practical matter result in Summary Judgment for Defendant, the Magistrate Judge, quite prudently, addressed the matter as it would a dispositive motion, via a PFD. This Court will exercise similar prudence by reviewing the PFD *de novo*.

Plaintiff Fred Medina was terminated from employment with Defendant Intel Corp. for allegedly falsifying his time card to say that he left work at 2:30 a.m. on July 13, 1995, when he actually left at 1:30 a.m. Medina sued Intel for employment discrimination. During his deposition, opposing counsel questioned him regarding a journal he submitted to the New Mexico Human Rights Division during administrative proceedings that arose as a result of his termination. The journal contained an entry that he left work between 1:30 a.m. and 1:40 a.m. on July 13, 1995.

Medina initially refused to answer questions about the journal. Soon after, in response to his duty to seasonably supplement his responses to Defendant's discovery requests, Medina provided a copy of his journal which was identical in all respects to the journal he submitted to the Human Rights Division except for the entry regarding when he left work on July 13, 1995. Plaintiff stated that he had kept several journals at the same time, but he never produced any others and never explained what happened to them. Plaintiff also never explained why the journal he produced contained a time entry different from the entry in the journal provided to the Human Resources Division.

Based upon this unexplained alteration and apparent destruction of documents, the Magistrate Judge formulated a sanction analogous to the "sham affidavit rule";[2] he recommended that the Plaintiff not be allowed to raise a fact issue regarding when he left work, and that he be held to the time he entered in the journal he submitted to the Human Rights Division.

In his Objections, Medina does not take issue with any of the facts in the Magistrate Judge's Proposed Findings. Instead, he propounds new evidence which he contends explains his actions. While the Court does not approve of submitting new evidence in a party's objections to the

---

[2] See Franks v Nimmo, 796 F.2d 1230, 1237 (10th Cir. 1986).

Magistrate Judge's PFD, in this case the Court's decision would be the same regardless of whether the new evidence is considered.

Plaintiff first contends that he entered the 1:30 a.m. departure time in his journal because his supervisor told him that was when he left. This contention is irrelevant, because the important issue was why the document was altered after the Human Rights Division hearing, and no explanation on that issue has been provided. Plaintiff next contends that, because the Human Rights Division journal and the journal he provided in discovery are identical in several important respects, it demonstrates that he made no alterations. This argument ignores that the journal entries for the time he left work on July 13, 1995 are different in the two journals. Plaintiff next contends that a hearing officer for the Unemployment Compensation Appeals Board found credible his contention that he left work at 1:30 a.m. This argument is irrelevant, as there is no indication that the hearing officer reviewed the journals at issue. Finally, Medina contends that he was under emotional distress and cannot remember details, and lost documents both because he moved and because he had computer problems. While perhaps relevant to the question of whether Medina deliberately destroyed documents, this evidence is irrelevant to the charge of alteration. As that charge is sufficient to sustain the sanction recommended here, and the evidence sustaining that charge is unrefuted, the Court agrees that the sanction recommended by the Magistrate Judge is appropriate. An Order will accordingly be entered.

*[signature: John Edwards Conway]*
**CHIEF UNITED STATES DISTRICT JUDGE**