# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**FRED R. MEDINA,**

   Appellant/Plaintiff,

vs.             Civ. No.  98-469 JC/LCS

**INTEL CORPORATION,**

   Appellee/Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes on Plaintiff Fred R. Medina's ("Medina's") Rule 60(b) Motion for Reconsideration (sic)[1], filed on December 22, 1998, and Defendant Intel Corporation's ("Intel's") Motion for Summary Judgment, filed on December 8, 1998.  By the District Court's December 10, 1998 Order, pursuant to the provisions of 28 U.S.C. Sec. 636(b)(1)(B) and *Virginia Beach Fed. Sav.&Loan Assn. v. Wood*, 901 F.2d 849 (10th Cir. 1990), this matter was referred to a Magistrate Judge to recommend an ultimate disposition.  The Court, having considered the pleadings, the record, the arguments of counsel and the relevant law, proposes finding that  Plaintiff's Motion is not well taken and recommends that it be denied. The Court also proposes finding that Defendant's Motion is well-taken and recommends that it be granted.

Medina worked for Intel from November 8, 1993 until July 21, 1995.  He was fired for allegedly leaving work at 1:30 a.m. on July 13, 1995, but stating on his time card that he left at 2:30 a.m., the time his shift ended.  Medina contended that the real reason he was fired was because he had

---

[1] A motion under Fed.R.Civ.P. 60(b) should be entitled "Motion for Relief from Judgment or Order."

been in an automobile accident and was under a doctor's direction not to work a full 12 hour shift, and that Intel did not want to keep him as an employee because of this temporary impairment. He claimed that Intel's actions violated the New Mexico Human Rights Act, that his termination was in violation of public policy as stated in that Act, that Intel breached an implied contract to provide progressive discipline before terminating him, and that Intel's firing him was a breach of its covenant of good faith and fair dealing.[2]

## I. Plaintiff's Motion for Relief from the Court's December 7, 1998 Order

In August, 1998, during discovery, Intel asked Medina to produce any and all relevant documents in his possession. Plaintiff responded that he did not recall having any such information. One week later, during Medina's deposition, he stated that he kept a journal and submitted it to the State Human Rights Division. Defense counsel then showed Plaintiff this journal, which stated that he left work between 1:30 and 1:40 p.m. on July 13, 1995. After initially answering several questions about the journal, Medina refused to answer any more questions based on advice of counsel. Intel filed a motion to compel Medina to answer its questions about the journal, which this Court granted.

Medina stated in his deposition that he had kept several journals. In fulfilling his duty to seasonably supplement his discovery responses, Medina provided Intel with computer disks which contained a journal identical in all respects to the journal he had provided to the Human Rights Division, with the exception that the time he left work on July 13, 1995 was written as 2:30 a.m. instead of 1:30 - 1:40 a.m. Believing that Medina had altered evidence, Intel moved to dismiss the case. In response, Medina maintained that the journal contained in the computer disks was not the

---

[2] Medina originally claimed that Intel violated his civil rights under 42 U.S.C. Sec. 1981 and that it intentionally inflicted emotional distress upon him, but withdrew the first claim in his response to Intel's Motion for Summary Judgment and withdrew the other claim at the oral argument on that Motion.

same journal as the one provided to the Human Rights division. However, Medina did not explain why, if this were so, he kept only the journal that was contained on the computer disk and not the journal that was provided to the Human Rights Division, and why the two journals were identical in all respects except for the entry regarding what time he left work on July 13, 1995.

Based on this evidence, the Court found that Plaintiff's discovery responses regarding the journal were evasive and incomplete, and treated them as a failure to answer Intel's discovery requests under Fed.R.Civ.P. 37(d). Having found a basis for the imposition of sanctions, the Court denied Intel's Motion to Dismiss, but imposed the lesser sanction of designating as a fact that Medina left work at 1:30 - 1:40 a.m. on July 13, 1995.

Medina now moves for relief from this Order pursuant to Fed. R. Civ. P. 60 (b), on the grounds that he has new evidence, which in the exercise of due diligence he could not have discovered before the Court entered its sanction Order. Medina claims that, had this new evidence been produced at the time of the original Motion to Dismiss, the result would have been different. *See Carr v. District of Columbia,* 543 F.2d 917, 927 (D.C.Cir. 1976). Medina produced an affidavit from Jim Moore, who states that he saw Medina at work after 2:00 a.m. on July 13, 1995. Medina claims that he was unable to locate Mr. Moore until after the Motion to Dismiss had been decided.

Medina's argument misses the point that the Court's decision was a sanction for his altering his journal and not admitting or explaining why he had done so. While Moore would have been a helpful witness on the fact issue of when Plaintiff left work, his affidavit is irrelevant on the question of why Medina provided evasive and incomplete responses to Intel's discovery requests. Accordingly, Moore's affidavit is not an appropriate ground for this Court to recommend that Medina be relieved from the District Court's Order.

Medina also provided his own affidavit where he finally admits that he altered the 1:30 - 1:40 a.m. time entry in the journal he provided to the Human Resources Division to state that he left work at 2:30 a.m. He explains why he took this action, but does not explain why he could not have provided this explanation in response to Intel's Motion to Dismiss. Unlike Mr. Moore, there is no contention that Medina was unavailable to provide an affidavit during the two week time allowed for his response. Accordingly, the Court proposes finding that Medina's evidence could have been discovered before the Court entered its December 7, 1998 Order, had he exercised due diligence. The Court therefore recommends that his Motion for Relief from the Court's December 7, 1998 sanction Order be denied.

## II. Intel's Motion for Summary Judgment

Intel moved for summary judgment on all four of Medina's claims under Fed.R.Civ.P. 56 on the ground that there were no material issues of fact and it was entitled to judgment as a matter of law.

### a. Human Rights Act claim

To avoid summary judgment on a claim under the New Mexico Human Rights Act, Medina must initially submit evidence which creates a genuine issue whether he had a serious medical condition, was performing his job acceptably, and was terminated. If he does so, Intel must articulate a legitimate, non-discriminatory reason for terminating him. If they do so, Medina must submit evidence which creates a genuine issue whether Intel's proffered reason was actually just a pretext for discriminating against him because of his disability. *See Smith v. FDC Corp.,* 109 N.M. 514, 517, 787 P.2d 433, 436 fn. 1 (1990).

In the present case, Intel contends first that Medina cannot create a genuine issue as to

whether he had a serious medical condition. Intel claims that, although Medina's physician limited the duration of his work shifts while he was recovering from an automobile accident, such minor and temporary restrictions do not constitute a "serious medical condition" for purposes of the Human Rights Act. What constitutes a "serious medical condition" is not explained in the statute, and, although the term has been judicially construed in the context of the Family Medical Leave Act, it has not been judicially construed in the context of the Human Rights Act. The parties have not cited any legislative history to aid in determining the legislature's intent as to the meaning of the term, and this Court has found none. Accordingly, the Court proposes finding that the common connotation of "serious medical condition" does not include convalescence from a whiplash injury where the condition requires only a temporary limitation of the length of one's workshift and one's work is sedentary in nature. Accordingly, the Court recommends granting Defendant's Motion on the ground that Medina cannot raise an issue of fact on this element of his *prima facie* case.

Moreover, even if Medina were found to have a serious medical condition, summary judgment on this claim would still be appropriate. Medina admits that Intel has met its burden under *FDC* because it has articulated a legitimate, non-discriminatory reason for terminating him; namely, that he left work at 1:30 - 1:40 a.m. on July 13, 1995, but wrote on his timecard that he left at 2:30 a.m. To avoid summary judgment, Medina must create a genuine issue of fact as to whether this reason is pretextual. A plaintiff can create such an issue by showing that the defendant's articulated reason for the termination was untrue, by showing that it was not applied consistently, or by producing other evidence of discriminatory animus. *See Cordova v. State Farm Insurance Companies, et al.,* 124 F.3d 1145, 1149 (9th Cir. 1997).

In the present case, Medina cannot establish any of the three elements required under *Cordova*

to discharge his burden.  First, although he contends that Intel's articulated reason is not credible because he in fact did not leave work until 2:30 a.m. on July 13, 1995, Medina admits that this argument is only possible if the Court grants his Motion for Relief from its December 7, 1998 Order designating as a fact that he left work between 1:30 and 1:40 a.m.  Because the Court recommends that Medina's Motion be denied, it proposes finding that his argument is precluded by that Order.

Second, Medina does not contend that Intel applied its rule that falsifying time cards results in termination inconsistently; in other words, he does not argue that non-disabled employees who falsified their time cards were not terminated.

Third, while Medina offers independent evidence of Intel's  discriminatory animus, it is insufficient to create a genuine issue of material fact as to whether Intel's proffered reason for terminating him is pretextual.  Evidence of discriminatory animus which is speculative or conclusory will not defeat summary judgment. *See Hodgens v. General Dynamics Corp.,* 144 F.3d 151, 167 (1st Cir. 1998).  Medina relies on his deposition testimony that  he was "targeted for termination" shortly after he returned from sick leave, was not provided proper supervision, and was continually harassed over minor infractions.

Medina's contention is too speculative and too improbable to create a genuine fact issue as to discriminatory animus.  Since he was an at-will employee, Intel would not need to target him for termination, deny him supervision, and harass him for minor infractions in order to justify terminating him; if it wanted to terminate him, it could have done so for no reason at all.  However,  Intel did not terminate him until after he committed a major infraction, despite his having committed several minor infractions. This strongly suggests that Intel's decision to terminate him did not result from an animus against  impaired employees.  Accordingly, the Court proposes finding that Medina is unable to create

a *genuine* issue of material fact on the element of pretext and recommends that Intel's Motion for Summary Judgment be granted as to his first claim.

**b. implied contract claim**

Employment relationships which are not of defined duration are presumed to be at-will. *Hartbarger v Frank Paxton Co.*, 115 N.M. 665, 668, 857 P.2d 776, 779 (1993), *cert denied,* 510 U.S. 1118 (1994). Intel provided Medina with an employee handbook which stated on its first page that he was an at-will employee. On the second page, the handbook provided that after a probationary period employees were subject to progressive discipline procedures. However, immediately after this statement, Intel explained that these progressive discipline procedures were not intended to change the employee's at-will status. In *Hartbarger,* the New Mexico Supreme Court held that this type of disclaimer prevents the provision of progressive discipline procedures from creating an implied contract. 115 N.M. at 673, 857 P.2d at 784. Because this Court is bound by the opinion in *Hartbarger,* it proposes finding that Medina remained an at-will employee of Intel and no implied contract existed. Accordingly, the Court recommends that summary judgment be granted on Medina's claim for breach of such contract.[3]

**c. wrongful discharge claim**

Because Medina's wrongful discharge claim relies on the same argument as his implied contract claim, the Court recommends that summary judgment be granted on that claim for the same reasons as those set out in its analysis of the implied contract claim.

**d. implied covenant of good faith and fair dealing claim**

---

[3]Even if an implied contract to follow the employee manual in terminating Medina did exist, because the progressive discipline policy explicitly states that falsifying a company document is grounds for immediate termination, Medina cannot establish that the policy was not followed in his case.

New Mexico does not recognize a cause of action for breach of an implied covenant of good faith and fair dealing in an at- will employment relationship. *Melnick v. State Farm Mutual Auto Ins. Co.*, 106 N.M. 726, 730, 749 P.2d 1105, 1109 (1988). Because the Court has already proposed finding that Medina was an at-will employee of Intel, it recommends that summary judgment be granted on this claim.

Because the Court proposes finding that Medina's newly discovered evidence could, through due dilligence, have been discovered before the Court entered its discovery sanction Order, it recommends that Medina's Rule 60 (b) Motion be DENIED. In addition, because the Court proposes finding that Medina cannot establish a material issue of fact on either his *prima facie* case or on the element of pretext in his Human Rights Act claim, and because the Court proposes finding that Medina was an at-will employee of Intel and that his at-will status precludes his other three claims, it recommends that Intel's Motion for Summary Judgment (docket entry #50) be GRANTED.

Within ten days after a party is served with a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636(b)(1)(C), file written objections to it. A party must file any objections within the ten day period allowed under the statute if that party desires review of the proposed findings and recommended disposition; if none are filed, no review will be undertaken.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE