# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FRED R. MEDINA,

    Plaintiff,

vs.                                                  No. CIV 98-0469 JC/LCS (ACE)

INTEL CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion for Sanctions, filed on February 1, 1999 *(Doc. 71)*. The Court, having considered the pleadings and the applicable law, finds that the motion is not well taken and will be denied.

This is Intel's third motion requesting sanctions. When Plaintiff refused to answer questions at his deposition, Intel moved the Court to compel him to answer. On September 14, 1998, the day before the hearing on the motion to compel, Intel filed a motion for sanctions, asking for costs and attorney's fees if it was successful in the Motion to Compel. On September 17, 1998, the Magistrate Judge granted both motions. On October 6, 1998, Intel again moved for sanctions based on Medina's less than candid responses to its discovery requests. In that motion, Intel asked the Court to dismiss the case, and to award it its costs and attorney's fees. On December 4, 1998, this Court denied the requested relief, but fashioned a different sanction--it found against Medina on the fact issue upon which he had been less than candid during discovery.

Based on this finding, Intel moved on December 8, 1998 for summary judgment on all of Medina's claims. After Medina voluntarily withdrew three of his claims at the January 11, 1999 oral

argument on the motion, this Court granted summary judgment on the rest of them on February 23 and 24, 1999. Before that Order was entered, Intel moved for sanctions, again asking the Court to dismiss the case and award it its costs and attorney's fees. Intel's latest motion is based on Medina's lack of candor during discovery, as well as his counsel's refusal to voluntarily dismiss the case after it became clear that his claims could not survive summary judgment.

Although Medina's failure to respond constitutes consent to grant the motion regardless of its merits,[1] the Court nevertheless finds that the motion should be denied. As to the request that the case be dismissed, the granting of Intel's Motion for Summary Judgment renders the request moot. Moreover, as to the requests for dismissal and for attorney fees based upon Medina's conduct during discovery (Defendant's claims II-A through E and II-G), the motion should be denied on waiver and estoppel grounds.[2] To the extent that sanctions are claimed for Medina's counsel's failure to voluntarily dismiss the case (Defendant's claim I), the Court notes that they did voluntarily dismiss several of the claims at the oral argument hearing on the summary judgment motion, and finds that they had minimally sufficient support for their response to the Motion for Summary Judgment, which included a Motion for Reconsideration of the December 4, 1998 Order (Defendant's claim II-F), so that they are not subject to sanctions under FED. R. CIV. P. 11.

---

[1] See D.N.M.LR-Civ. 7.5(b).

[2] To the extent that it again seeks dismissal and costs and fees for Medina's conduct, the February 1, 1999 motion is, practically speaking, a motion to reconsider the December 4, 1998 Order, which adopted the November 2, 1998 Magistrate Judge's Proposed Findings and Recommended Disposition (PFD). Under 28 U.S.C. § 636(b)(1)(c), Intel's failure to object to the PFD within ten days results in a waiver of its right either to have the District Court review the PFD or to have the Court of Appeals review the District Court's order adopting the PFD. *See Davet v. Maccarone*, 973 F.2d 22 (1st Cir. 1992). The purposes of the statutory scheme are to achieve early correction of a Magistrate Judge's rulings, and to protect their finality if they are not timely challenged. These purposes are thwarted when, instead of timely objecting, Intel simply files a new motion, alleging the same conduct and asking for the same relief the Magistrate Judge denied.

*See generally, Rhode Island Hosp. Trust Bank v. Dube*, 136 F.R.D. 37, (D.R.I. 1990). As to Medina's requests for extension of time (Defendant's claim II-H), Medina did not receive any notice that he could be sanctioned at the time the motions were filed; accordingly, the Court will not consider their propriety now. *See generally, Donaldson v. Clark*, 819 F.2d 1551 (11th Cir. 1987).

Finally, as to Plaintiff's failure to promptly obey the Magistrate Judge's September 17, 1998 Order to pay Intel's reasonable costs and attorney's fees for its Motion to Compel (Defendant's claim II-I), the Court finds that because the Order did not specify a date certain for the payment, Medina's failure to pay while the case was pending is not sanctionable conduct. However, the Court will order Plaintiff to pay those costs and fees within ten days from the entry of this Memorandum Opinion and Order.

Wherefore,

IT IS ORDERED that Defendant's Motion for Sanctions *(Doc. 71)* is **denied**.

IT IS FURTHER ORDERED that, within ten days from entry of this Memorandum Opinion and Order, Plaintiff pay Intel $1,848.88, its reasonable costs and attorney's fees for its Motion to Compel and its initial Motion for Sanctions.

DATED this 24th day of February, 1999.

                                                                                          
**CHIEF UNITED STATES DISTRICT JUDGE**